**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-93

UNITED STATES TAX COURT

JOSE A. ALONSO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8828-12S.                    Filed November 21, 2013.

Jose A. Alonso, pro se.

<u>Peter N. Scharff</u>, for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioner a notice of deficiency for 2009 in which he determined a Federal income tax deficiency of $5,802 and a section 6662(a) accuracy-related penalty of $1,160.40. The issues for decision are whether petitioner: (1) is entitled to unreimbursed employee business expense deductions claimed on Schedule A, Itemized Deductions; (2) is entitled to charitable contribution deductions; (3) is entitled to medical and dental expense deductions; and (4) is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in New York when he filed his petition.

Petitioner was a program administrator for the Department of Social Services for the County of Westchester, New York (county) in 2009. As a program administrator, petitioner managed an electronic system that tracked over 8,000 cases of in-home pediatric and geriatric care patients. Petitioner managed this system at the county's office in New York during regular business hours. As

a county employee, petitioner received both medical and dental benefits. Although the county did not require petitioner to work from home, he used the third floor of his home as office space, where he held meetings and performed work-related activities.

Petitioner commuted to work daily with his personal vehicle and also used his vehicle to attend work-related meetings, including travel to Cincinnati, Ohio. Although these meetings pertained to his position with the county, the county did not require petitioner to attend any of these meetings.

In 2009 petitioner engaged in fundraising activities for numerous charitable organizations, including Heart Walk for Westchester County and the American Cancer Society. He often solicited donations from friends, family members, colleagues, and vendors. Some of these individuals made their donations online, while others gave money directly to petitioner to donate on their behalf.

Petitioner deposited the cash donations he received from others into his checking account and then wrote a check to the organization. When he calculated the amount of his charitable contributions for Federal income tax purposes, petitioner included all the amounts paid from his checking account to fundraising organizations. Petitioner did not produce any copies of the checks he wrote to fundraising organizations during the year at issue.

Petitioner timely filed his 2009 Federal income tax return, claiming deductions on Schedule A for medical and dental expenses of $7,934, charitable contributions of $8,688, and unreimbursed employee business expenses of $9,606.[1]

Petitioner attached Form 2106-EZ, Unreimbursed Employee Business Expenses, to his Federal income tax return. On Form 2106-EZ petitioner claimed unreimbursed employee business expense deductions consisting of: (1) vehicle expenses of $2,919, (2) parking fees, tolls, and transportation expenses of $575, (3) travel expenses of $1,385, and (4) other business expenses of $5,648. Other claimed employee business expense deductions included home office expenses of $3,692, supply expenses of $196, cell phone expenses of $694, telephone expenses of $352, and Internet expenses of $714. On Schedule A petitioner claimed a deduction of $691 for union and professional dues.

Respondent issued petitioner a notice of deficiency disallowing all of the claimed medical and dental expense deductions, charitable contribution deductions, and unreimbursed employee business expense deductions for 2009.

---

[1]The amount deducted is $9,606 after the sec. 67(a) reduction of miscellaneous itemized expense deductions by 2% of adjusted gross income.

Respondent also determined that petitioner was liable for a section 6662(a) accuracy-related penalty of $1,160.40.

Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not argue or present evidence showing that he satisfied the requirements of section 7491(a). See sec. 7491(a)(2)(B).

I. Schedule A Deductions

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any claimed deduction or credit. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987) (credits, like deductions, are a matter of legislative grace). A taxpayer must substantiate all expenses by maintaining books and records sufficient to establish the amounts of his income and deductions. Sec. 6001;

Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), (e), Income Tax Regs.

As a general matter, petitioner asserts that the records substantiating all the deductions at issue were destroyed during Hurricane Sandy. Respondent, however, requested petitioner's documentation months before the occurrence of Hurricane Sandy. Between the time respondent initiated an examination for petitioner's 2009 tax year and the occurrence of Hurricane Sandy, petitioner failed to provide any documents substantiating his claimed deductions. When respondent requested documents during the examination, petitioner's response consisted largely of faxes of blank pages. In addition, petitioner did not attempt to reconstruct his records following Hurricane Sandy and did not provide any corroborating evidence to establish the elements of his expenses. The Court specifically addresses each claimed Schedule A deduction below.

A. Unreimbursed Employee Business Expenses

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business. The performance of services as an employee is considered a trade or business. Primuth v. Commissioner, 54 T.C. 374, 377 (1970). Thus, an employee may deduct expenses that are ordinary and necessary to his or her employment. Lucas v.

Commissioner, 79 T.C. 1, 6 (1982).  In order to deduct unreimbursed employee business expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from his employer.  See Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

Generally, if a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the deduction, the Court may estimate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense, there must be some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, an allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

### 1. Parking Fees, Tolls, and Transportation

Petitioner offered no testimony or documentation to substantiate his claimed deductions for parking fees, tolls, and transportation expenses.  Respondent's determination on this issue is sustained.

### 2. Expenses Subject to Strict Substantiation Requirements

Business expenses with respect to any listed property may not be estimated under the Cohan rule because of the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Listed property includes any passenger automobile and cellular telephone. Sec. 280F(d)(4)(A). For these expenses, only certain types of "other sufficient evidence" will suffice. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Petitioner did not provide any such evidence to substantiate his claimed deductions for automobile and cell phone expenses. Since he has not met the strict substantiation requirements of section 274, petitioner is not entitled to any claimed deductions for travel and transportation expenses and cell phone expenses with respect to listed property.

### 3. Other Unreimbursed Employee Business Expenses

Other claimed employee business expense deductions which are not subject to the strict substantiation requirements under section 274 may be estimated under the Cohan rule; however, there must be a reasonable basis for the Court to make an estimate. See Vanicek v. Commissioner, 85 T.C. at 742-743. Petitioner did not provide any documentation to substantiate his claimed unreimbursed employee

business expense deductions for union and professional dues, supplies, Internet, and telephone[2] expenses.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Finally, petitioner has not shown that he was ineligible for reimbursement from the county for any of his employee business expenses.  He did not present any evidence regarding the County's reimbursement policy, nor did he claim that the County lacked a reimbursement policy.  Accordingly, petitioner is not entitled to any employee business expense deductions.  The Court sustains respondent's determination on this issue.

### 4. Home Office Expenses

As a general rule, section 280A(a) denies deductions with respect to the use of a dwelling unit that the taxpayer uses as a residence during the taxable year.  Section 280A(c)(1)(A), however, permits the deduction of expenses allocable to a portion of a dwelling unit that the taxpayer uses exclusively and regularly as the principal place of business for the taxpayer's trade or business.  Petitioner alleged that he held work-related meetings in his home.  In the case of an employee, the exception applies only if the use of the home office is for the convenience of the employer and if there is no other fixed location of the trade or business where the

---

[2]Under sec. 262(b), basic service on the first telephone line in a taxpayer's residence is considered a nondeductible personal expense.

taxpayer conducts substantial administrative or management activities of the trade or business. See sec. 280A(c)(1)(C). Petitioner did not show that the requirements of section 280A(c)(1)(c) had been met.

The County provided office space for petitioner, which he used regularly during normal business hours. Given that petitioner's employer provided him office space and did not require him to work from home, petitioner may not deduct any portion of his home office expenses.

The Court finds that petitioner has not substantiated any of the above claimed unreimbursed employee business expenses. Accordingly, the Court sustains respondent's determination.

B. Charitable Contributions

Section 170(a) allows a deduction for any charitable contribution made by a taxpayer during the taxable year. A charitable contribution is defined as a "contribution or gift to or for the use of" a charitable organization. Sec. 170(c). Certain charitable contributions may be verified by maintaining a canceled check. Sec. 1.170A-13(a)(1), Income Tax Regs. Charitable contributions of more than $250 must be verified by a written acknowledgment of the contribution by the donee organization. Sec. 170(f)(8)(A).

At trial petitioner claimed that he did not make donations on behalf of others; however, he admitted to commingling solicited donations with his personal donations. Petitioner deposited the solicited donations into his personal checking account and then drafted checks from that account to various fundraising organizations. At trial, in an effort to substantiate his charitable contributions, petitioner produced a copy of a computer screen printout of donations to the American Cancer Society, some of which were associated with his name. The printout indicates that petitioner made six separate donations to the American Cancer Society on the same day, September 2, 2009, for $200, $563, $320, $20, $55, and $255. The printout also indicates that petitioner again made five separate donations to the American Cancer Society on the same day, October 16, 2009, for $10, $20, $1,710, $255, and $150. When questioned by the Court as to why he made multiple contributions to the same organization in one day, petitioner explained that he made the multiple contributions "because [he] felt [he could] afford it."

Petitioner failed to provide any canceled checks or written acknowledgments from a donee organization verifying his charitable contributions. While the Court agrees that petitioner may have participated in fundraising activities and may have made personal donations, the Court is unable

to conclude that the claimed charitable contributions were petitioner's personal donations alone.

Petitioner has not substantiated his charitable contributions; therefore, the Court sustains respondent's determination.

C.  Medical and Dental Expenses

Under section 213, individuals are allowed to deduct medical and dental expenses paid during the taxable year that are not compensated for by insurance or otherwise, but only to the extent the expenses exceed 7.5% of adjusted gross income.

A taxpayer must substantiate claims for deductible medical expenses by furnishing the name and address of each payee and the amount and date paid.  Sec. 1.213-1(h), Income Tax Regs.  Claims must be substantiated by a statement or invoice from the payee that identifies the patient, type of service rendered, specific purpose of the expense, and the amount and date of payment.  Id.  Petitioner failed to provide documentation to show that he made any payments for medical and dental expenses in 2009; accordingly, respondent's determination is sustained.

II.  Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a penalty equal to 20% of the portion of an underpayment of tax that is attributable

to negligence or disregard of rules or regulations or any substantial understatement of income tax. The Commissioner bears the initial burden of production with respect to the taxpayer's liability for the section 6662(a) penalty. Sec. 7491(c). At trial the Commissioner must introduce sufficient evidence "indicating that it is appropriate to impose the relevant penalty." Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

If the Commissioner satisfies his initial burden of production, the burden of producing evidence to refute the Commissioner's evidence shifts to the taxpayer and the taxpayer must prove that the penalty does not apply. Id. at 447.

Respondent determined that petitioner was liable for a section 6662(a) accuracy-related penalty of $1,160.40 due to negligence or disregard of rules or regulations and/or to a substantial understatement of income tax. We address only respondent's claim that petitioner's underpayment for 2009 was attributable to a substantial understatement of income tax under section 6662(b)(2). The Court does so because a finding that there was a substantial understatement of income tax alone would be determinative that petitioner is liable for the section 6662(a) accuracy-related penalty. See sec. 1.6662-2(c), Income Tax Regs.

For purposes of section 6662(b)(2), an understatement is equal to the excess of the amount of tax required to be shown on the tax return over the amount of tax

shown. Sec. 6662(d)(2)(A). The difference is considered "substantial" in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown in the return for that taxable year or $5,000. Sec. 6662(d)(1)(A).

Petitioner's 2009 return reported tax of $8,541. Respondent determined, and the Court agrees, that the tax required to be shown on the return was $14,343. Thus, the understatement of tax is $5,802. Ten percent of the tax required to be shown is $1,434.30. The $5,802 understatement exceeds $5,000, which is greater than 10% of the tax required to be shown on the return. Respondent has therefore met his burden of production for the accuracy-related penalty on the basis of a substantial understatement of income tax.

A taxpayer may avoid the application of an accuracy-related penalty by proving he acted with reasonable cause and in good faith. See sec. 6664(c)(1); see also Higbee v. Commissioner, 116 T.C. at 446-447; sec. 1.6664-4(a), Income Tax Regs. We analyze whether a taxpayer acted with reasonable cause and in good faith by examining the relevant facts and circumstances and, most importantly, the extent to which the taxpayer attempted to determine his proper tax liability. See Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. In order for the

reasonable cause exception to apply, the taxpayer must prove that he exercised ordinary business care and prudence as to the disputed items.  Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 98 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

Petitioner did not contest the application of the accuracy-related penalty. The Court finds that petitioner is liable for the accuracy-related penalty.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.